UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY SUPERIOR COURT ET AL.,<br><br>Defendants. | CASE NO. 2:25-cv-01533-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff Ingrid Johnson's application to proceed in forma pauperis, Dkt. # 58, and sua sponte. For the following reasons, the Court GRANTS Plaintiff's IFP application and DISMISSES her operative complaint, Dkt. # 47, without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also takes notice of Plaintiff's status as a vexatious litigant in King County Superior Court, Dkt. # 12, and a warning issued by Judge Kacsmaryk (who presided over this case before transfer to this Court) that her "**continued filings of baseless, duplicative motions do not—and will never—further the orderly and expeditious disposition of the instant case and will not be tolerated.**" Dkt. # 31.

The Court grants Plaintiff's IFP application. The Court observes, however, that the margins of the IFP application are laden with profanity directed at the undersigned and Chief

ORDER - 1

Judge Estudillo. Dkt. # 58. The Court also notes that Plaintiff has similarly sent profanity-laden emails to the Court, which are being collected. Although the Court grants Plaintiff's IFP application, it does not condone her behavior and emphasizes that it may issue "an appropriate sanction, including dismissal, if [she] is found guilty of contemptuous conduct in subsequent proceedings." *Tyler v. City of Milwaukee*, 740 F.2d 580, 582 (7th Cir. 1984).

A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Plaintiff's current operative complaint focuses on allegations that she has used OpenAI "to draft and submit multiple legal filings." Dkt. # 47 at 3. She alleges that OpenAI "began to silently degrade, censor, or refuse service—even mid-thread, even while an active federal case was on file." *Id.* at 4. Thus, she asserts that "OpenAI's actions constitute digital obstruction of justice, denial of due process, and an undeclared form of artificial gatekeeping over access to legal truth." *Id.*

Even liberally construed, Plaintiff's complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

First, Plaintiff asserts a claim under 42 U.S.C. § 1983 alleging, "Whether under color of law or in collusion with state actors, [OpenAI] functioned as a gatekeeper to access to

ORDER - 2

information required to protect Plaintiff's child, assert her rights, and hold officials accountable." Dkt. # 47 at 7.  Plaintiff does not allege specific facts showing that OpenAI acted on behalf of a state rather than as a private actor.  *See Jensen v. Lane Cnty.*, 222 F.3d 570, 574 (9th Cir. 2000) ("The 'color of law' requirement of § 1983 is treated as the equivalent of the 'state action' requirement under the Constitution.").

Second, Plaintiff asserts a claim under the Americans with Disabilities Act (ADA), Titles II and III.  But "[t]o state a prima facie case for a violation of Title II, Plaintiffs must show that (1) they are qualified individual[s] with disabilit[ies]; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or w[ere] otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of [their] disabilit[ies]." *Where Do We Go Berkeley v. California Dep't of Transportation*, 32 F.4th 852, 860 (9th Cir. 2022) (quotation marks and citation omitted).  Plaintiff does not adequately allege that OpenAI is a public entity.  "Title III of the [ADA] prohibits places of public accommodation from discriminating against people on the basis of disability." *Langer v. Kiser*, 57 F.4th 1085, 1090 (9th Cir. 2023).  Plaintiff does not adequately allege that OpenAI is related to a place of public accommodation.

Finally, Plaintiff asserts claims of "Breach of Consumer Protection and Trade Representations" and "Digital Obstruction of Justice and Civil Conspiracy."  Dkt. # 47 at 8–9. But she cites no legal authority as the basis of these claims, nor is any such legal basis apparent to the Court.

For these reasons, the Court DISMISSES without prejudice Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants leave to amend within **14 days** of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is

ORDER - 3

absolutely clear that no amendment can cure the defect" in the complaint).  If Plaintiff's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.

        Dated this 20th day of August, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 4