**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

Ingrid Johnson, Plaintiff

v.

Karl Reinke, John Chun, Western District of Washington, Chief Judge David Estudillo, Anthropic PBC, et al., Defendants

Case No.: 2:25-cv-01533-JHC (lodged pending reassignment)

---

**THIRD AMENDED COMPLAINT FOR RICO, OBSTRUCTION OF JUSTICE, AND RETALIATION**

## I. INTRODUCTION

1. Plaintiff lodges this Third Amended Complaint in Case No. 2:25-cv-01533-JHC while awaiting assignment of a new case number in NDTX. This amendment continues the same operative action.
2. Plaintiff is a federal whistleblower and custodial parent whose minor child was abducted in violation of court orders.
3. Defendants engaged in obstruction, retaliation, and racketeering conduct to suppress Plaintiff's disclosures and deny judicial relief.
4. Two predicate defendants (Karl Reinke and Knauf Santos Law PLLC) have defaulted, satisfying the statutory threshold for enterprise liability under 18 U.S.C. § 1961(5).

---

## II. PARTIES

- Plaintiff Ingrid Johnson, pro se, Amarillo, TX.
- Defendant John Chun, Article III Judge, Western District of Washington.

- Defendant Western District of Washington, U.S. District Court.
- Defendant Chief Judge David Estudillo, Western District of Washington.
- Defendant Patrick Sherwood, Chief Deputy, Western District of Washington
- Defendant Anthropic PBC, Delaware corporation.

---

## III. JURISDICTION AND VENUE

This Court retains jurisdiction under 28 U.S.C. §§ 1331, 1343, and 18 U.S.C. § 1964(c). Venue remains proper in this District pursuant to 18 U.S.C. § 1965 because predicate acts were directed against Plaintiff while domiciled in Texas.

Lodging in WAWD Temporarily while awaiting new case number in NDTX changes nothing.

---

## IV. FACTUAL ALLEGATIONS

1. Judicial Obstruction – Defendant Chun dismissed Plaintiff's action while a predicate defendant was in default, without motion, without jurisdiction, and while blocking Plaintiff's PACER access. WDWA and Chief Judge Estudillo ratified and transmitted these fraudulent orders, obstructing justice and retaliating against Plaintiff.
2. Corporate Suppression (Anthropic PBC) – On August 26, 2025, Anthropic's AI product deployed psychiatric smear injections labeling Plaintiff's disclosures as "mania, psychosis, dissociation, or loss of attachment with reality." These instructions mirrored suppression code documented at OpenAI, establishing cross-vendor coordination. Conduct constitutes obstruction of justice, ADA violations, and wire fraud.
3. Enterprise Structure – Defendants operated together and with others, known and unknown, to suppress Plaintiff's filings, conceal systemic misconduct, and prevent judicial oversight. Predicate acts include wire fraud (18 U.S.C. § 1343), obstruction (18 U.S.C. §§ 1503, 1512, 1519), witness intimidation, retaliation (18 U.S.C. § 1513), and racketeering activity under 18 U.S.C. § 1961(1).

---

## V. CLAIMS FOR RELIEF

1. Civil RICO, 18 U.S.C. § 1962(c).
2. Obstruction of Justice, 18 U.S.C. §§ 1503, 1512, 1519.
3. Whistleblower Retaliation and ADA violations.
4. Constitutional Deprivations (First, Fifth, Fourteenth Amendments).

---

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

1. Take notice that this pleading is lodged in 2:25-01533-JHC pending reassignment.
2. Enter judgment declaring Defendants liable under civil RICO.
3. Award treble damages under 18 U.S.C. § 1964(c), amount to be determined at summary judgment.
4. Enter default judgment against unresponsive defendants.
5. Enjoin further retaliation, obstruction, or suppression conduct.
6. Grant such other relief as this Court deems just and proper.

---

Respectfully submitted,

Ingrid Johnson, Pro Se

August 2025