1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGRID JOHNSON,

          Plaintiff,

  v.

KING COUNTY SUPERIOR COURT ET AL.,

          Defendants.

CASE NO. 2:25-cv-01533-JHC

ORDER

      This matter comes before the Court on Plaintiff's motions at Dkt. # 61, 68, 69, 71, and *sua sponte*. The Court dismissed without prejudice Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and granted leave to file an amended complaint. Dkt. # 59. Plaintiff timely filed an amended complaint. Dkt. # 66. It says, "Plaintiff lodges this Third Amended Complaint in Case No. 2:25-cv-01533-JHC while awaiting assignment of a new case number in NDTX. This amendment continues the same operative action." *Id.* at 1. Although it appears that Plaintiff contests venue, *see id.* at 2, the Court construes the filing as an amended complaint.

A.    Plaintiff's Amended Complaint

      A complaint filed by a plaintiff proceeding in forma pauperis (IFP) is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court

ORDER - 1

determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Even liberally construed, Plaintiff's amended complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Plaintiff brings four claims: (1) "Civil RICO, 18 U.S.C. § 1962(c)"; (2) "Obstruction of Justice, 18 U.S.C. §§ 1503, 1512, 1519"; (3) "Whistleblower Retaliation and ADA violations"; and (4) "Constitutional Deprivations (First, Fifth, Fourteenth Amendments)." Dkt. # 66 at 2. The entirety of Plaintiff's factual allegations in support of these claims is reproduced below:

1. Judicial Obstruction – Defendant Chun[1] dismissed Plaintiff's action while a predicate defendant was in default, without motion, without jurisdiction, and while blocking Plaintiff's PACER access. WDWA and Chief Judge Estudillo ratified and transmitted these fraudulent orders, obstructing justice and retaliating against Plaintiff.

2. Corporate Suppression (Anthropic PBC [one of the Defendants]) – On August 26, 2025, Anthropic's AI product deployed psychiatric smear injections labeling Plaintiff's disclosures as "mania, psychosis, dissociation, or loss of attachment with reality." These instructions mirrored suppression code documented at OpenAI, establishing cross-vendor coordination. Conduct constitutes obstruction of justice, ADA violations, and wire fraud.

---

[1] Although Plaintiff names the undersigned as a defendant, he does recuse from this case because "[a] judge is not disqualified merely because a litigant sues or threatens to sue him . . . Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984). The Court also notes that Plaintiff has previously moved to disqualify the undersigned, which the Chief Judge denied. *Johnson v. King County*, 2:25-cv-01109-JHC, at Dkt. # 20 (W.D. Wash. June 20, 2025).

ORDER - 2

      3.    Enterprise Structure – Defendants operated together and with others, known and unknown, to suppress Plaintiff's filings, conceal systemic misconduct, and prevent judicial oversight. Predicate acts include wire fraud (18 U.S.C. § 1343), obstruction (18 U.S.C. §§ 1503, 1512, 1519), witness intimidation, retaliation (18 U.S.C. § 1513), and racketeering activity under 18 U.S.C. § 1961(1).

*Id.*

Plaintiff does not plausibly allege judicial obstruction. The Court previously dismissed her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice and with leave to amend. Dkt. # 59. She was also given e-filing access after she was granted IFP status. Dkt. # 60. Plaintiff's allegations as to Defendant Anthropic are not sufficiently clear to state a claim and, to the extent that they can be understood, are conclusory. Similarly, Plaintiff's allegation that "Defendants operated together and with others, known and unknown, to suppress Plaintiff's filings, conceal systemic misconduct, and prevent judicial oversight" is conclusory. Dkt. # 66 at 2. Plaintiff does not allege facts to support her remaining claims.

B.    Plaintiff's Pending Motions

Plaintiff's pending motions are either not motions or meritless. Plaintiff appears to move to reopen a state court case, vacate orders and strike filings in that case, recognize a state dispositive custody determination, and order transfer of her minor child.[2] Dkt. # 61. Two courts in this District have dismissed Plaintiff's claims insofar as they relate to a state court custody proceeding on the basis of abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971), under which federal courts must not interfere with pending state court litigation that implicates "important state interests." *Johnson v. Carey*, 2:25-cv-00564-KKE, Dkt. # 12 at 3–5 (W.D. Wash. Apr. 22, 2025) (quoting *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011)); *see also Johnson v. Santos*, 2:25-cv-00911-JHC, Dkt. # 17 at 3–4

---

[2] The motion also asks for referral of the undersigned for investigation of judicial misconduct and RICO participation, which the Court does not entertain for reasons discussed *supra* n.1.

ORDER - 3

(W.D. Wash. May, 27, 2025).  Plaintiff's motions at Dkt. # 68, 69, and 71 are not motions because they are not requests.  Dkt. # 68 at 3 ("This is not a request.  It is a mandatory ministerial directive."); Dkt. # 69 at 1 (titled "NON-DISCRETIONARY CLERK'S MOTION"); Dkt. # 71 at 1 (same).  As stated under Federal Rule of Civil Procedure 7(b)(1), "A request for a court order must be made by motion."

Thus, the Court DISMISSES the amended complaint, Dkt. # 66, with prejudice and DENIES the motions at Dkt. # 61, 68, 69, and 71.  In the event that Plaintiff files another action in this District, the Court notes that it has observed Plaintiff's concerning litigation conduct in its previous order at Dkt. # 59.

Dated this 2nd day of September, 2025.

*[signature: John H. Chun]*

John H. Chun
United States District Judge

ORDER - 4