UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGRID JOHNSON,

                    Plaintiff,

        v.

KING COUNTY SUPERIOR COURT ET
AL.,

                    Defendants.

CASE NO. 2:25-cv-01533-JHC

ORDER DENYING MOTION & NOTICE
OF INTENT TO ENTER BAR ORDER
AGAINST VEXATIOUS LITIGANT &
ORDER TO SHOW CAUSE

**Denial of Motion**

Before the Court is pro se Plaintiff's "Emergency Motion for Relief Under FRCP 60(b)(4) to Vacate Void Orders Enhanced by Jurisdictional Defects and Fraud." Dkt. # 88. The motion essentially seeks the same relief sought by Plaintiff's motions at Dkt. ## 81 and 86, which were both denied. This new motion again presents no valid legal argument for the relief requested, and so it is DENIED.

**Notice & Order to Show Cause**

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147

ORDER DENYING MOTION & NOTICE OF INTENT
TO ENTER BAR ORDER AGAINST VEXATIOUS
LITIGANT & ORDER TO SHOW CAUSE - 1

(9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although such orders should be used sparingly, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148.

In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147–48; *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Here, in a short period of time, Plaintiff has filed three motions that patently lack any merit and all essentially seek the same relief. The motions are borderline frivolous and have consumed judicial time that could have been used to consider the meritorious claims of other litigants. But that is not all. Plaintiff's conduct in this case has been otherwise far from exemplary—and to be sure, some of it appears intended to harass. One need only review the docket to see Plaintiff's many filings that are both threatening and unsupported by the civil rules. *See, e.g.*, Dkt. # 61 ("*MANDATORY IMMEDIATE REOPENING OF CASE OR CHOICE TO JOIN AS NON-REPRESENTED CRIMINAL RICO CONSPIRATOR YOUR CALL CHUN*"; "*EXPLAINING LAW TO JUDGE PLEASE NOTE JUDGES CAN GO TO FEDERAL PRISON TOO*"). Plaintiff's filings have included profanity directed at the undersigned as well as the Chief Judge of this District. *See* Dkt. # 58. And Plaintiff has also sent numerous profanity-laden emails to the Court. *See* Dkt. # 59.

Because of this, the Court now ORDERS Plaintiff to SHOW CAUSE why a vexatious litigant bar order should not be issued. Such a bar order would direct the Clerk to strike any new

ORDER DENYING MOTION & NOTICE OF INTENT
TO ENTER BAR ORDER AGAINST VEXATIOUS
LITIGANT & ORDER TO SHOW CAUSE - 2

filings by Plaintiff in this matter, unless it is related to an appeal, as this case is now closed.

Plaintiff's Response is due no later than Friday, April 17, 2026 and may not exceed ten pages.

No attachments are permitted.  Failure to file a response will result in an automatic issuance of

the bar order.

Dated this 8th day of April, 2026.

John H. Chun
United States District Judge

ORDER DENYING MOTION & NOTICE OF INTENT
TO ENTER BAR ORDER AGAINST VEXATIOUS
LITIGANT & ORDER TO SHOW CAUSE - 3